```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ANGEL OMAR ALMONTE [5],<br><br>**Defendant**. | **CRIMINAL NO.** 13-471 (FAB) |

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court are defendant Angel Omar Almonte's motions to dismiss the indictment for violations of the Speedy Trial Act ("STA") and the Sixth Amendment of the U.S. Constitution and for an order of release (Docket Nos. 31 & 47), and the United States's responses (Docket Nos. 37, 55, & 56). For the reasons that follow, the Court **DENIES** defendant's motions.

### I. Defendant's Motion to Dismiss the Indictment

Defendant argues for the dismissal of the indictment due to violations of the STA and the Sixth Amendment. The Court addresses each proffered ground for dismissal in turn.

#### A. Speedy Trial Act

The STA requires that trial commence within seventy days of the filing of an indictment, or the first appearance of the defendant in court, whichever is later. 18 U.S.C. § 3161(c)(1). Certain periods of delay, as outlined in section 3161(h)(1)-(9),

Criminal No. 13-471 (FAB)                                                    2
_____

are excluded from the seventy-day calculation.  Id. § 3161(h). These exclusions include delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  Id. § 3161(h)(1)(D); see also Bloate v. United States, 559 U.S. 196, 205 (2010).  If trial does not commence by the end of seventy days plus the excluded periods, the "indictment shall be dismissed on motion of the defendant."  Id. § 3162(a)(2).

Almonte contends that the indictment should be dismissed because more than seventy non-excludable days have elapsed since the time of his first appearance before a judicial officer on September 4, 2013.[1]  Almonte offers five excludable days.  After initially conceding the existence of an STA violation (Docket No. 37), the government correctly amended its position and now contends that the STA clock did not begin to run at the time of his arraignment.  (Docket No. 56.)  Rather, the clock began to run upon the arraignment of the last co-defendant, Jose Nicomedes Ramirez-Jejeda, on December 16, 2013.  See United States v. Casas, 425 F.3d 23, 31 (1st Cir. 2005) ("The Supreme Court has interpreted this section to mean that the clock does not, in effect, begin to run until the date of the most recent defendant's initial appearance before the court.") (citing 18 U.S.C. § 3161(h)(6) and Henderson v.

---

[1] The Court notes that Almonte has been detained without bail since the initiation of the case. (Docket Nos. 8 & 17.)

Criminal No. 13-471 (FAB)                                                    3
---

United States, 476 U.S. 321, 323 n.2 (1986)).[2]  The STA clock has been tolled since Almonte filed the motion to dismiss on December 3, 2013.  See 18 U.S.C. § 3161(h)(d).  Accordingly, because no STA days have elapsed, Almonte's motion to dismiss for violation of the Speedy Trial Act is **DENIED**.

    **B.  Sixth Amendment**

Almonte also moves for dismissal of the indictment on Sixth Amendment grounds.  "Although unusual, it is possible for a delay that does not violate the STA to run afoul of the Sixth Amendment's guarantee of a speedy trial."  Casas, 425 F.2d at 33 (citing United States v. Salimonu, 182 F.3d 63, 69 (1st Cir. 1999) and 18 U.S.C. § 3173.)).  In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, courts consider four factors:  (1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of his or her speedy trial right; and (4) prejudice to the defendant caused by the delay.  See Barker v. Wingo, 407 U.S. 514, 530 (1972).  None of the factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant."  Id. at 533.

---

[2]The government also argues that the STA clock does not begin to run as long as any co-defendant remains at large.  The Court does not entertain this argument at this time.

Criminal No. 13-471 (FAB)                                                                                        4

      The length of pretrial delay is calculated from arrest or indictment, whichever occurs first.  United States v. Muñoz-Amado, 182 F.3d 57, 61 (1st Cir. 1999).  Here, Almonte was arrested on September 4, 2013, less than the one-year point at which pretrial delay is generally considered presumptively prejudicial and triggers further inquiry.  See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) (internal citations omitted).  Thus, the length of delay fails to trigger further inquiry pursuant to Barker.  Nevertheless, the Court does not find that the remaining three Barker factors weigh in favor of a finding that Almonte's Sixth Amendment right to a speedy trial was violated.  Accordingly, Almonte's motion to dismiss on Sixth Amendment grounds is **DENIED**.  Almonte's request for an order of release is also **DENIED**.

**II.  Request for New Bail Hearing**

      Should his motion to dismiss be denied, Almonte in the alternative requests a *de novo* bail hearing, but does not provide any argument or support for such a request.  Given the absence of any support for granting his request, Almonte's request for a *de novo* bail hearing is **DENIED**.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.")

Criminal No. 13-471 (FAB)                                                  5

## III. Conclusion

For the reasons articulated above, Almonte's motion to dismiss the indictment for violations of the Speedy Trial Act and the Sixth Amendment, his motion seeking an order of release, and his request for a *de novo* bail hearing are **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, February 28, 2014.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE